PATRICIA A. MARR, LTD.
PATRICIA A. MARR, ESQ.
Nevada Bar Number 8846
2470 St. Rose Parkway, Ste. 106H
Henderson, Nevada 89074
lvlaw03@yahoo.com
(Telephone) (702)353-4225
(Facsimile) (702) 912-0088
Mailing Address:
9484 S. Eastern Ave., #399
Las Vegas, Nevada 89123
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA LEWIS,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>CASA DI AMORE LLC; JEFF SCHWARTZ, individually and dba CASA DI AMORE, LLC, MICHAEL CAMPAGNO, individually and dba CASA DI AMORE, DOES 1-100, ROE ENTITIES 1-100,<br><br>　　　　　　　　Defendants. | Case No.<br>Dept. |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, PAMELA LEWIS, by and through her attorney of record, PATRICIA A. MARR, ESQ., complains against the Defendants, CASA DI AMORE LLC, JEFF SCHWARTZ, individually and dba CASA DI AMORE, LLC, MICHAEL CAMPAGNO, individually and dba CASA DI AMORE, DOES 1-100, ROE ENTITIES 1-100, and would alleged as follows:

1

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal overtime wage claims herein pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which states "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff state law wage and hour claims because those claims derive from a common nucleus of operative fact regarding Defendants' failure to pay wages and overtime compensation.

3. Under Nevada Revised Statutes, N.R.S. §608.040(1)   If an employer fails to pay:(a) Within 3 days after the wages or compensation of a discharged employee becomes due; or (b) On the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less.

4. The State of Nevada has created a cause of action for such wages and attorney's fees, pursuant to NRS 608.140, entitled "Assessment of attorney's fees in action for recovery of wages," which states "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish by decision of the court or verdict of the jury that the amount

for which he has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." This provision creates a private cause of action for wages alleged to be due with or without sending a demand letter. Plaintiff sent a demand letter to Defendants on July 4, 2015, of which Defendant Campagno acknowledged receipt, telling Plaintiff on July 4, 2015, in a phone message, to not ever call him again.

5. The State of Nevada has also created a cause of action for minimum wages and attorney's fees, pursuant to Section 16C of the Article 15 of the Nevada State Constitution which states "An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section [Section 16 of the Nevada State Constitution] and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

6. Venue is proper in this court because Plaintiffs and Defendant's principal place of business is located within this Judicial District and Plaintiffs worked and wages were earned at Las Vegas, Clark County, Nevada. See 28 U.S.C. § 1391(b).

**PARTIES**

7. Plaintiff is an individual who resides in North Las Vegas, Clark County, Nevada.

8. Defendant, CASA DI AMORE, LLC, is a Nevada Limited Liability Corporation that does business in Las Vegas, Clark County, Nevada. The Defendant CASA DI AMORE is an upscale Italian Restaurant that employs limousine drivers to shuttle customers to and from its dining establishment located at 2850 East Tropicana, Las Vegas, NV 89121.

9. Defendants JEFF SCHWARTZ and MICHAEL CAMPAGNA are managing members of CASA DI AMORE, LLC. These individuals own and operate CASA DI AMORE restaurant.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1-100 and ROES 1-100 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes an thereupon alleges that each of the Defendants designated herein as DOE and ROE is responsible in some manner for the events and happenings referred to, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of the Court to amend the Complaint to insert the true names and capacities of DOES 1 through 100, inclusive, when the same have been ascertained, and to join such defendants in this action.

11. The actions that form the basis of this complaint occurred in Las Vegas, Clark County, thus jurisdiction and venue are proper in the Eighth Judicial District.

**FACTS THAT GIVE RISE TO THE COMPLAINT**

12. Plaintiff repeats and realleges the prior allegations as if fully set out therein.

13. That the Plaintiff was employed as a limousine driver for the Defendants commencing mid-February, 2013 and ending on June 6, 2014.

4

14. That during this employment, Plaintiff utilized the Defendants' vehicle, the insurance was paid by the Defendants, and the Plaintiff worked scheduled hours as directed by the Defendants.

15. Plaintiff's exclusive duties were picking up and delivering patrons to dine at the restaurant.

16. That the Defendants owned the limousines, and the Plaintiff drove their limousines in the course and scope of her duties, shuttling customers to and from the restaurant.

17. That the Plaintiff would usually work over ten hours a day, and worked over forty hours a week.

18. That the Plaintiff never received an hourly wage.

19. That the Plaintiff never received overtime pay.

20. That in late April, 2014, the Defendants, through their agent and employee, Smith Ngalle, finally induced the Plaintiff to sign an independent contractor's agreement.

21. That the Plaintiff began to question whether she was truly an independent contractor.

22. That Plaintiff, in May, 2014, initiated a complaint with the United States Department of Labor concerning the Defendants' unfair labor practices.

23. That Plaintiff was informed by a representative of the Department of Labor that she was not an independent contractor but was entitled to hourly wages commencing from the time she began working for Defendants.

24. That shortly thereafter, on June 5, 2014, Plaintiff resigned her position with the Defendants.

25. That the in Plaintiff cooperated completely with the Department of Labor, furnishing documentation to the Department of Labor and more.

26. That as a direct result of Plaintiff's complaint, the Department of Labor opened up a case, ID #1732203, and initiated an investigation into the labor practices of the Defendant CASA DI AMORE.

27. That agents of the Department of Labor went to the premises of the Defendants shortly afterwards, and asked the Defendant for their time records.

28. That the Defendants were not able to produce these records, and when asked who brought this investigation, the Department of Labor agent admitted that the Plaintiff was in fact the one who initiated the complaint.

29. That as a direct result of the investigation, the Defendants entered into an agreement where the limousine drivers would be paid all of their back wages due them.

30. That the Defendants agreed with the Department of Labor to pay to Plaintiff the total of $9,139.70, with an initial payment of $255.04 on June 4, 2015.

31. That the Defendants have paid the other employees according to the agreed schedule.

32. That however, the Plaintiff was not paid the initial payment of $255.04 by June 4, 2015.

33. That the refusal of the Defendants to pay this amount when due constitutes a breach of contract, thus relieving the Plaintiff of any obligations under the agreement, assuming that the Plaintiff was in privity with the agreement breached by Defendants.

34. That the refusal of the Defendants to pay this amount is willful and retaliatory, and the Plaintiff is entitled to actual and damages well in excess of $10,000, including prejudgment interest, for which she now sues.

35. That it has been necessary to retain the services of the undersigned, and Plaintiff is entitled to an award of attorney's fees and costs.

## FIRST CAUSE ACTION-UNPAID WAGES

36. Plaintiff repeats the prior paragraphs as if fully set out therein.

37. That the Plaintiff was an employee of the Defendants from mid-February 2013, to June 5, 2014.

38. That as an employee, she is entitled to an hourly wage, no less than $8.25 per hour, plus time and a half overtime.

39. That the Defendants are jointly and severally liable to the Plaintiff for her actual damages in this amount, to be determined by the trier of fact, including prejudgment interest.

40. That by refusing to honor the agreement reached between itself and the Department of Labor with respect to wages due the Plaintiff, the Defendants have exhibited a clear and unequivocal intent not to pay Plaintiff, and Defendants are liable for reasonable and necessary attorney's fees.

41. That the Plaintiff, on July 4, 2015, made written demand on the Defendants to pay the amounts due her of $9,139.70.

42. That the Defendant has refused to pay this amount.

43. That the Plaintiff is also entitled to an additional 30 days of wages pursuant to NRS 608-040.

44. That pursuant to NRS 608.140, the Plaintiff is entitled to reasonable attorney's plus costs, as well.

## SECOND CAUSE OF ACTION-VIOLATION OF FLSA-all Defendants

45. Plaintiff repeats the allegations in the prior paragraphs as if fully set out therein.

46. That the Plaintiff was a wage earner who is entitled to at least minimum wage compensation and overtime compensation, pursuant to the Fair Labor and Standards Act.

47. At all times relevant to this action, Defendant CASA DI AMORE has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 USC § 203(s).

48. Defendant CASA DI AMORE has been or was, at all times relevant herein, Plaintiff's employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

49. Defendants JEFF SCHWARTZ, and MICHAEL CAMPAGNO are directors and officers of CASA DI AMORE and the joint employers of Plaintiff. At all relevant times herein, JEFF SCHWARTZ, and MICHAEL CAMPAGNO have been individuals engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

50. Plaintiff regularly worked more than forty (40) hours per week for Defendants CASA DI AMORE and JEFF SCHWARTZ, and MICHAEL CAMPAGNO.

51. Plaintiffs and others similarly situated were not paid time and one-half for every hour worked over forty (40) hours per week.

52. Defendants' failure to pay Plaintiffs and others similarly situated the proper wages required by law was willful, and the Plaintiff is entitled to punitive damages in an amount to be determined by the trier of fact.

53. All actions and omissions described in this complaint were made by Defendants CASA DI AMORE and JEFF SCHWARTZ, and MICHAEL CAMPAGNO, directly or through Defendants' supervisory employees and/or agents.

54. That Defendants have engaged in a pattern and practice of violating the Fair Labor Standards Act by requiring Plaintiffs, and others similarly situated, to work in excess of forty hours in a workweek without paying them overtime at the time-and-a-half rate required by the FLSA,

without paying that at all, and that such conduct was willful within the meaning of 29 U.S.C. §255(a).

55. As a result of the unlawful acts of Defendants, Plaintiffs and others similarly situated have been deprived of overtime pay in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, and other compensation pursuant to 29 USC § 216(b).

56. Defendants have concealed and continue to conceal relevant facts regarding their unlawful activities, including their involvement in the unlawful scheme to defraud workers of their wages. Accordingly, any statutes of limitations upon any of the claims in this Complaint have been suspended for that period during which Plaintiffs and others similarly situated were prevented by the wrongful acts of Defendants from seeking appropriate remedies, including the filing of a lawsuit.

### THIRD CAUSE OF ACTION- RETALIATION

57. Plaintiff repeats and realleges the prior paragraphs as if fully set out therein.

58. That it shall be unlawful for any person—to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the Fair Labor and Standards Act.

59. That the Defendants have timely paid similarly situated employees of Casa Di Amore the back wage amount agreed upon between the Labor Department and the similarly situated employees.

60. That the Defendants' failure to timely pay the Plaintiff is a clear act of retaliation, and the Defendants are liable to the Plaintiff for punitive damages in excess of One Million Dollars.

# PRAYER

WHEREFORE, the Plaintiff prays for the following:

1. Actual damages of the wages owed to Plaintiff;
2. Exemplary damages according to statute;
3. Punitive damages in excess of One Million Dollars;
4. Costs of court;
5. Prejudgment Interest;
6. Attorney's fees,; and,
7. For such other and further relief as the Court deems just and proper.

Dated this 15th day of July, 2015.

PATRICIA A. MARR, LTD.

/s/Patricia A. Marr, Esq.

PATRICIA A. MARR, ESQ.
Nevada Bar Number 8846
2470 St. Rose Parkway, Ste. 106H
Henderson, Nevada 89074
lvlaw03@yahoo.com
(Telephone) (702)353-4225
(Facsimile) (702) 912-0088
Mailing Address:
9484 S. Eastern Ave., #399
Las Vegas, Nevada 89123

*Attorney for Plaintiff*