TODD M. LEVENTHAL, ESQ.
Leventhal & Associates
Nevada Bar No: 008543
California Bar No: 223577
626 S. Third St.
Las Vegas, Nevada  89101
(702) 472-8686
Attorney for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEVADA**

| | |
|---|---|
| PAMELA LEWIS,<br><br>Plaintiff,<br><br>vs.<br><br>CASA DI AMORE LLC; JEFF SCHWARTZ, individually and dba CASA DI AMORE, LLC; MICHAEL CAMPAGNO, individually and dba CASA DI AMORE; DOES 1-100 and ROE ENTITIES 1-100,<br><br>Defendants. | Case No.: 2:15-cv-01368 |

**MOTION AND MEMORANDUM OF LAW FOR AN EXTENTION OF TIME FOR THE DEFENDANTS' TO RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6(b), Defendants, CASA DI AMORE LLC; JEFF SCHWARTZ; MICHAEL CAMPAGNO and CASA DI AMORE, by and through their attorney, TODD M. LEVENTHAL, ESQ., respectfully submit this Motion for an Extension of Time for the Defendants' to respond to Plaintiff's Complaint to and including November 9, 2015. Plaintiff has consented to an extension to and including October 11, 2015, since then Defendants' have been in communication with Plaintiff regarding negotiations.

## BACKGROUND

On July 17, 2015, Plaintiff filed its Complaint. The Complaint asserts as follows:

(1) a claim that this Court has original jurisdiction over the federal overtime wage claims herein pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which states "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by anyone or more employees for and in behalf of himself or themselves and other employees similarly situated." This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. (2);

(2) a claim that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff state law wage and hour claims because those claims derive from a common nucleus of operative fact regarding Defendants' failure to pay wages and overtime compensation.;

(3) Under Nevada Revised Statutes, N.R.S. §608.040(1) If an employer fails to pay:(a) Within 3 days after the wages or compensation of a discharged employee becomes due; or (b) On the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less.;

(4) The State of Nevada has created a cause of action for such wages and attorney's fees, pursuant to NRS 608.140, entitled "Assessment of attorney's fees in action for recovery of wages," which states "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish by decision of the court or verdict of the jury that the amount for which he has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the

court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." This provision creates a private cause of action for wages alleged to be due with or without sending a demand letter. Plaintiff sent a demand letter to Defendants on July 4, 2015, of which Defendant Campagno acknowledged receipt, telling Plaintiff on July 4, 2015, in a phone message, to not ever call him again;

(5) The State of Nevada has also created a cause of action for minimum wages and attorney's fees, pursuant to Section *16C* of the Article 15 of the Nevada State Constitution which states "An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section [Section 16 of the Nevada State Constitution] and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs.";

(6) Venue is proper in this court because Plaintiffs and Defendant's principal place of business is located within this Judicial District and Plaintiffs worked and wages were earned at Las Vegas, Clark County, Nevada. See 28 U.S.C. § 1391(b).

After several communications with Patricia A. Marr, Esq. to try and settle the matter and requesting time to Answer it was agreed by both that she would extend time to Answer to October 11, 2015, with the understanding that the Parties would communicate with each other regarding negotiations in the matter. .Since that date Counsel has been in contact with Mrs. Marr, however, no negotiation were reached.

Counsel was advised by Mrs. Marrøs office that she would be out of the office and when she returned she would contact undersigned counsel.  Counsel was surprised to see the 3 day Notice of Default as he was told that communication would be made prior to any filings.

- 3

**REASONS FOR GRANTING THE REQUESTED EXTENSION**

This Court has discretion to grant a motion to extend the time in which to file a responsive pleading for good cause. Fed. R. Civ. P. 6(b)(1); Woodruff v. McPhie, 593 F. Supp. 2d 272, 276 (D.D.C. 2009); Beal v. District of Columbia, 545 F. Supp. 2d 8, 14 (D.D.C. 2008). The need to provide adequate time for a party to obtain counsel, and for counsel to become sufficiently familiar with a matter to give informed advice, provides good cause for such an extension of time. See Sherrod v. Breitbart, 720 F.3d 932, 937 (D.C. Cir. 2013) (noting that court granted extension of time where defendant "had only recently obtained counsel"); Williams v. Vilsack, 620 F. Supp. 2d 40, 46 (D.D.C. 2009) (similar).

Accordingly, the Individual Defendants respectfully request an extension to answer, move, or otherwise respond to the Plaintiff's Complaint to November 9, 2015. Counsel needed adequate time to review the matter, advise their clients, and respond to the complaint. The Defendants have not requested any previous extension, and a granting of the extension will not impact any other existing Court deadlines.

WHEREFORE, the Defendants respectively request that the Court grant their motion and grant an extension of time up to and including November 9, 2015, to file a responsive pleading to the Complaint. A proposed Order providing for this extension is submitted with this Motion.

Respectfully submitted,

Dated this 9th day of November, 2015.

          _____Todd M Leventhal_____
          TODD M. LEVENTHAL, ESQ.
          Leventhal & Associates
          Nevada Bar No: 008543
          California Bar No: 223577
          626 S. Third St.
          Las Vegas, Nevada 89101

**CERTIFICATE OF SERVICE**

When all Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that on November 9, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Todd M. Leventhal*
Signature

TODD M. LEVENTHAL, ESQ.
Leventhal & Associates
Nevada Bar No: 008543
California Bar No: 223577
626 S. Third St.
Las Vegas, Nevada  89101
(702) 472-8686
Attorney for Defendants

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA LEWIS,<br><br>           Plaintiff,<br><br>vs.<br><br>CASA DI AMORE LLC; JEFF SCHWARTZ, individually and dba CASA DI AMORE, LLC; MICHAEL CAMPAGNO, individually and dba CASA DI AMORE; DOES 1-100 and ROE ENTITIES 1-100,<br><br>           Defendants. | Case No.: 2:15-cv-01368<br><br><u>**ORDER**</u> |

Upon consideration of the Motion and Memorandum of Law for an Extension of Time for the Defendants to Respond to Plaintiff's Complaint, it is hereby:

ORDERED that the Defendants' Motion for an Extension of Time to Answer Complaint be, and hereby is, GRANTED; and it is further

ORDERED that the Defendants have until November 9, 2015, to file a responsive pleading to Plaintiff's Complaint.

SO ORDERED.

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 13th day of November, 2015.

- 6 -