PATRICIA A. MARR, LTD.
PATRICIA A. MARR, ESQ.
Nevada Bar No. 008846
2470 St. Rose Parkway, Suite 111
Henderson, Nevada 89074
(702) 353-4225 (telephone)
(702) 912-0088 (facsimile)
*patricia@marrlawlv.com*
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEVADA**

| | |
|---|---|
| PAMELA LEWIS,<br>             Plaintiff,<br>vs.<br>CASA DI AMORE LLC, JEFF SCHWARTZ, individually and dba CASA DIAMORE, LLC, MICHAEL CAMPAGNO, individually and dba CASA DI AMORE, DOES 1-100, ROE ENTITIES 1-100,<br>             Defendants. | Case No.  2:15-cv-01368<br><br>**MOTION FOR ATTORNEY'S FEES, COSTS AND INTEREST** |

COMES NOW Plaintiff, Pamela Lewis, by and through counsel of record Patricia A. Marr, Esq. of the law office of Patricia A. Marr, Ltd. and hereby submits her Motion as follows.

Dated this 24th day of September, 2018.

PATRICIA A. MARR, LTD.

/s/Patricia A. Marr, Esq.

_____
PATRICIA A. MARR, ESQ.
Nevada Bar No. 008846
2470 St. Rose Parkway, Suite 111
Henderson, Nevada 89074
(702) 353-4225 (telephone)
patricia@marrlawlv.com

1

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 17, 2015, Plaintiff, Pamela Lewis ("Lewis") filed her Complaint.

This matter arises from Defendant Case Di Amore's ("Defendant") failure and/or refusal to pay Lewis *any* wages during her employ with the gaming restaurant as a limo driver. In fact, Lewis was forced to survive solely on the tips she earned while working Defendant. In that regard, Lewis is the "whistle blower" that did not want to execute the Independent Contractor Agreement forced upon the employee limo drivers by Defendant and quit shortly thereafter. Subsequent to her resignation Defendant engaged in a crusade to intimidate Defendant, including but not limited to, threats to her counsel that it would file a Rule 11 Motion for sanctions if Lewis proceeded with the action.

Not swayed by Defendant's threats, Lewis proceeded to trial and was successful with her claims.[1] Although the attorney's fees in this action far outweigh the judgment awarded to Lewis, Lewis' case, as well as the state statute in support of an award of attorney's fees, are significant to the community. Specifically, Lewis wanted to ensure that no other employees would be injured by the Defendant and the state statute ensures that a helpless employee will be able to obtain counsel for representation in these types of case against a wealthy employer. In accordance with the same, the undersigned took a large risk in her representation of Lewis and that inherent risk is part and parcel of counsel's hourly fee.

**ATTORNEY'S FEES**

This action spanned the course of over approximately three (3) years from the filing of Plaintiff's Complaint to the conclusion of a five (5) day bench trial. For the sake of brevity, Lewis incorporates her factual assertions in her pleadings and papers on file herein and notes the

---

[1] While Lewis attempted to resolve this matter numerous times, however, Defendant desired to proceed to trial.

2

exceptional contentious nature of this action.

In that regard, the Court awarded attorneys' fees and costs to Lewis pursuant to FLSA and NRS § 608.140. The Court found that while Lewis is not entitled to double recovery, she is entitled to the maximum award under either federal or state law.

In accordance with the same, the Declaration of Lewis' counsel in support of her Motion for fees, costs and interest is filed herewith as **Exhibit 1**, Declaration and billing invoice for attorney's fees.  The total hours spent in attorney time are **109.4** at the hourly rate of $600.00 totals attorney's fees in the amount of **$65,640.00**, **Exhibit 2**.

**COSTS**

Plaintiff was the prevailing party at the five (5) day bench trial in this matter, which concluded on January 12, 2018.

Lewis submits that her costs incurred were reasonable and necessary as a result of Defendant's conduct and the prosecution of this action.  The costs incurred are attached herein as **Exhibit 3** and total **$1,077.00** related to fees for the filing and service of the Complaint, hard copy costs and Pacer costs.

**PRE-JUDGMENT INTEREST**

Plaintiff further request interest as the prevailing parties and on August 23, 2018, the Court entered its *Order re: Findings of Fact and Conclusions of Law After Court Trial*.  The Court awarded prejudgment interest to Lewis pursuant to NRS § 99.040. Interest is due from the time Lewis submitted her written demand for back wages, July 4, 2015, to the date of entry of judgment. Accordingly, the interest is as follows:

Prejudgment Interest (NRS 17.130(2)) from July 4, 2015 (date of demand) to August 23, 2018 (1,146 days), at 7.00% per year on the **$18,211.47**[2] in past compensatory damages is

---

[2] $16,612.11 in unpaid wages and $1,599.36 in unpaid overtime.

**$4,036.77** for a total award of **$22,248.24**.

Dated this 24th day of September, 2018.

                                       PATRICIA A. MARR, LTD.

                                       /s/Patricia A. Marr, Esq.
                                       _____
                                       PATRICIA A. MARR, ESQ.
                                       Nevada Bar No. 008846
                                       2470 St. Rose Parkway, Suite 111
                                       Henderson, Nevada 89074
                                       (702) 353-4225 (telephone)
                                       (702) 912-0088 (facsimile)
                                       patricia@marrlawlv.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of September, 2018, I hereby served a copy of the foregoing, Plaintiff's *Motion for Attorney's Fees, Costs and Interest* to all parties to this action via E-Service.

                                       /s/Patricia A. Marr, Esq.
                                       _____
                                       An employee of Patricia A. Marr, Ltd.