UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PAMELA K. LEWIS,

        Plaintiff,

        v.

CASA DI AMORE LLC, *et al.*,

        Defendants.

Case No. 2:15-cv-01368-RFB-PAL

ORDER

### I. INTRODUCTION

Two motions come before the Court: Plaintiff Pamela Lewis's Motion for Attorney Fees, Costs, and Interest, ECF No. 86, and Defendants Casa Di Amore LLC and Michael Campagno's Motion to Extend Time to File Notice of Appeal. ECF No. 91. Defendant Jeff Schwartz joined to the Motion to Extend Time to File Notice of Appeal. ECF No. 95.

### II. BACKGROUND

Plaintiff sued Defendants on July 17, 2015, alleging claims for unpaid wages and a claim for retaliation. ECF No. 1. The litigation spanned approximately three years and was especially adversarial in nature. See generally case docket. The matter ultimately concluded by bench trial, which required approximately ten hours over a span of five days. ECF Nos. 60, 64, 65, 70, 73. The Court issued its Findings of Fact and Conclusions of Law on August 23, 2018, finding in favor of Plaintiff on her unpaid wage claims and awarding her $18,211.47 in unpaid wages. Id. The Clerk of the Court entered final judgment in favor of Plaintiff on August 23, 2018. ECF No. 85.

Plaintiff now moves for attorney fees, costs, and interest. ECF No. 86. Plaintiff's counsel, Patricia Marr, seeks attorney fees under the Fair Labor Standards Act ("FLSA") or Nevada Revised Statute § 608.140 for 109.4 hours at a rate of $600 per hour. ECF No. 86. Plaintiff also seeks

1  costs totaling $1,077 and prejudgment interest totaling $4,036.77. Id. In support of the motion,
2  Plaintiff attaches Marr's declaration, hourly billing records, and a log of costs. ECF Nos. 86-1,
3  86-2, 87-1. In Marr's declaration, Marr details her relevant qualifications as follows: she graduated
4  from William S. Boy School of Law in May 2003 and was admitted to the Nevada bar in 2004;[1]
5  she practices civil litigation; she is admitted to practice in Nevada's state courts, this Court, and
6  the Ninth Circuit Court of Appeals. ECF No. 86-1. Marr describes the work in this matter as
7  requiring an inherent risk, the exclusion of other work, and demanding additional attention and
8  time due to defending multiple Rule 11 Motions. Id.

9  In addition to Plaintiff's motion, Defendants Casa Di Amore and Campagno move to
10 extend the time to file a notice of appeal. ECF No. 91. Defendants filed the motion on October
11 23, 2018. ECF No. 91. According to Campagno's declaration, Casa Di Amore and Campagno's
12 prior counsel, Todd Leventhal, became unresponsive beginning in July 2018. ECF No. 91-1.
13 Campagno attempted to contact Leventhal regarding the status of the case via a text message to
14 his assistant on July 24, 2018. Id. He was informed that the assistant was no longer working for
15 Leventhal and that a different individual would contact him with a status update. Id. After not
16 receiving any further response, Campagno attempted to contact Leventhal on August 15, 2018 via
17 telephone. Id. He was told by Leventhal's new assistant that his call would be returned. Id.
18 Leventhal never returned the called. Id.

19 On August 27, 2018, Leventhal's assistant forwarded a copy of the final judgment to
20 Campagno. Id. Campagno attempted to contact Leventhal to discuss the final judgment via
21 telephone on September 15, 2018. Id. His call was never returned. Id. He therefore emailed
22 Leventhal's assistant on September 26, 2018, requesting to speak with Leventhal about the
23 judgment. Id. Leventhal did not return the message. Id. Campagno called Leventhal again on
24 October 1, 2018, leaving another message that went unreturned. Id. Campagno then traveled to
25 Leventhal's office on October 4, 2018 to discuss the judgment with Leventhal but was informed
26 / / /

---

[1] Counsel originally declared that she graduated in 2013 and was admitted to practice in 2014. ECF No. 86-1. She corrected the dates during oral argument on January 3, 2019.

- 2 -

that an appointment would be necessary. Id. Campagno made a final attempt to contact Leventhal on October 8, 2018, leaving yet another unreturned message. Id.

After retaining new counsel, Leventhal moved to extend the time to file a notice of appeal. See id. Defendant Schwartz joined to the motion on October 25, 2018, relying on the motion and Defendant Campagno's declaration but submitting no declaration of his own despite being represented by different counsel. ECF No. 95.

The Court held oral argument on the parties' motions on January 3, 2019.

### III. MOTION FOR ATTORNEY FEES, COSTS, AND INTEREST

The Court first turns to Plaintiff's Motion for Attorney Fees, Costs, and Interest. Both sides agree that the Court should apply the Lodestar method to determine the amount of attorney fees to award in this matter.

#### a. Legal Standard

To determine the Lodestar figure, the Court multiplies the number of hours reasonably expended on the case by the market rate "prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). The burden is on the fee applicant to produce evidence that demonstrates that the requested hours and hourly rates are reasonable. Id. Factors the Court may consider in reducing the number of hours reasonably expended include inadequate documentation, overstaffing of the case, and the relative novelty and complexity of the issues raised. Cunningham v. County of Los Angeles, 879 F.2d 481, 484–85 (9th Cir. 1989) (citations omitted).

Once the Lodestar figure has been calculated, the Court then determines whether it is necessary to adjust this amount upwards or downwards based on the Kerr factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards

in similar cases. <u>Kerr v. Screen Guild Extras, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), <u>cert. denied</u>, 425 U.S. 951 (1976). As the first five <u>Kerr</u> factors are subsumed by the Lodestar calculation, the later factors are the primary focus at this stage. <u>Morales v. City of San Rafael</u>, 96 F. 3d 359, 364, n.9 (9th Cir. 1996).

### b. Discussion

The Court finds that Marr has not sufficiently demonstrated that $600 per hour is a reasonable rate in this community for a similar attorney performing similar legal work. Based on similar cases in this district, the Court finds that a more reasonable rate would be $400 per hour. <u>See</u> <u>Small v. Univ. Med. Ctr.</u>, No. 2:13-cv-00298-APG-PAL, 2018 WL 5793155, at *8–10 (D. Nev. Nov. 5, 2018) (collecting cases); <u>see also</u> <u>Sinanyan v. Luxury Suites Int'l, LLC</u>, No. 2:15-cv-00225-GMN-VCF, 2016 W: 4394484, at *4-5 (D. Nev. Aug. 17, 2016) (same). The Court therefore sets the hourly rate at $400 after considering Marr's years of experience and awards in other FLSA actions in this district.

The Court also finds that the number of hours logged by Plaintiff's counsel were generally not unreasonable given the three-year time span of this matter, the conclusion of the matter by trial, the highly adversarial nature of this matter between the parties and their counsel, and the success obtained on behalf of Plaintiff. However, the Court will reduce the requested hours by: omitting the 0.3 hours billed at no charge for staff services, ECF No. 86-2 at 1; reducing the hours logged for reviewing minute orders by 1.4 hours, <u>id.</u> at 5, 6, 8; and reducing the hours logged for reviewing letters from opposing counsel by 1 hour, <u>id.</u> at 1–3. The Court will not reduce the total hours by omitting time spent on successful motions despite Defendants' request to so do. Thus, the Court calculates the Lodestar figure as follows: $400 hourly rate x 106.7 hours = $42,680. The Court therefore awards $42,680 in attorney's fees. The Court also awards the interest and the prejudgment interest sought by Plaintiff as Defendants did not object to the figures.

### IV. MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

The Court now turns to Defendants' Motion to Extend Time to File Notice of Appeal.

### a. Legal Standard

"Federal Rule of Appellate Procedure 4(a)(1)(A) requires a party in a civil case to file a

notice of appeal with the district court clerk 'within 30 days after the judgment or order appealed from is entered.'" Los Altos El Granada Inv'rs v. City of Capitola, 583 F.3d 674, 682 (9th Cir. 2009) (citing Fed. R. App. P. 4(a)(1)(A)). However, the moving party must move for the extension "no later than thirty days after the time prescribed by Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A). The moving party must also show "excusable neglect or good cause." Id. The excusable neglect standard applies when the motion for an extension of time is filed after the initial thirty-day window to file a notice of appeal expires. Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir. 1982).

The Ninth Circuit considers four factors identified by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd., 507 U.S. 380 (1993) when determining if excusable neglect exists: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the moving party's reasonable control; and (4) if the moving party's conduct was in good faith. Los Altos El Granada Inv'rs, 583 F.3d at 683 (citing Pioneer Investment Services Co. and Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc)). A court considers "all relevant circumstances surrounding the party's [failure to timely appeal]." Pioneer Inv. Servs, Co., 507 U.S. at 395.

**b. Discussion**

In applying the four Pioneer factors, the Court finds that Defendants have failed to demonstrate excusable neglect. Defendants' motion is delayed by approximately sixty days—the maximum allowed for by Appellate Rule 4(a)(5) under any circumstances. But Defendants received the final entry of judgment just four days after its entry, meaning Defendants were aware of the final judgment during nearly the entire span of the approximately sixty-day delay. Additionally, only one of Defendant Campagno's communications falls within the thirty-day window to appeal. The Court finds that the single contact is insufficient to satisfy the excusable neglect standard.

The insufficiency of the single time-relevant contact is further emphasized by Defendant Campagno's previous attempts to contact his counsel. Leventhal stopped responding to Campagno

more than a month prior to Campagno receiving a copy of the final judgment. Thus, Defendants Casa Di Amore and Campagno were aware of the issue with Leventhal prior to the triggering date for the Rule 4(a)(5) deadlines. Despite being aware of the unresponsiveness, Defendants failed to act with any additional urgency to assert their appellate rights within the initial thirty-day deadline. Defendant Campagno instead made a single phone call within the next thirty days. Thus, the Court finds the lengthy delay was reasonably within Defendants' control. Defendants Casa Di Amore and Campagno therefore fail to demonstrate excusable neglect.

The Court also finds that Defendant Schwartz fails to show excusable neglect. Schwartz did not experience the same difficulties with counsel as the other two Defendants. Yet, Schwartz still failed to file a timely notice of appeal. Schwartz does not provide any explanation for his failure to do so. The Court therefore denies the Motion to Extend Time to File Notice of Appeal.

### V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's [86] Motion for Attorney Fees, Costs, and Interest is GRANTED. The Court awards the following: $43,200 in attorney fees; $1,077 in costs; and $4,036.77 in prejudgment interest.

**IT IS FURTHER ORDERED** that Defendants' [91]Motion to Extend Time to File Notice of Appeal is DENIED.

DATED: June 20, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**